UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL ADAMS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

Case No. 1:15-CV-0602

HON. GORDON J. QUIST

**OPINION**

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Paul Adams seeks review of the Commissioner's decision denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the

Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 53 years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.36, 63.) He has a sixth grade education, and was previously employed as a grinder, housekeeping representative, and janitor/cleaner. (PageID.64, 84–85.) Plaintiff Previously applied for DIB and SSI on two occasions, but did not pursue the claims beyond their initial denial. (PageID.39.) In the instant matter, Plaintiff applied for benefits on October 22, 2012, alleging that he had been disabled since May 1, 2010, due to diabetes, a learning disability (illiteracy), depression,

circulation problems in his hands and feet, and high blood pressure. (PageID.119, 133, 261–76.) Plaintiff's applications were denied on December 14, 2012, after which time he requested a hearing before an ALJ. (PageID.161–82.) On January 29, 2014, Plaintiff appeared with a non-attorney representative before ALJ Luke Brennan for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (PageID.58–93.) In a written decision dated March 14, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.36–57.) On April 10, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.31–34.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

Plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Brennan determined Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 1, 2010, his alleged onset date. (PageID.41.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) diabetes mellitus; (2) diabetic neuropathy; (3) depressive disorder; (4) posttraumatic stress disorder (PTSD); and (5) polysubstance abuse, including narcotics, methamphetamine, and cocaine disorder. (PageID.41–42.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.42–44.) At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). He could lift and carry 20 pounds occasionally and 10 pounds frequently; and in an 8-hour workday with normal breaks, he could stand and walk for a total of about 6 hours, could sit for a total of about 2 hours, and could occasionally handle. He would be limited to simple routine tasks involving no more than simple short instructions, simple work-related decisions, and few workplace changes. He would be unable to read or write beyond the 2nd grade level and unable to perform more than simple addition and subtraction.

(PageID.44.) Continuing with the fourth step, the ALJ determined that Plaintiff was unable to perform any of his past relevant work. (PageID.49.)

At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy which Plaintiff could perform given his limitations. *See*

4

*Richardson*, 735 F.2d at 964. The VE initially identified the positions of conveyor tender, production helper, and inspector and packager as three positions Plaintiff could perform. (PageID.87.) The VE, however, subsequently retracted his testimony regarding the inspector and packager position, and noted that Plaintiff could only perform the first two positions. (PageID.87–88.) In response to further questioning from Plaintiff's representative, however, the VE testified that if the Dictionary of Occupational Titles' (DOT) description of production helper included a requirement of frequent handling, Plaintiff could not perform that job. (PageID.89–90.) Though not resolved at the hearing, it appears Plaintiff's representative was correct that the DOT's description of the position included frequent handling. *See Casing-Material Weigher,* DICTIONARY OF OCCUPATIONAL TITLES 520.687-026 (4th ed. 1991) (reprinted at 1991 WL 674053). Accordingly, the ALJ identified only the position of conveyor tender as the position Plaintiff was capable of performing, and noted there were 1,200 jobs in that position in the state of Michigan. (PageID.50.) Noting he was following the Sixth Circuit's direction in *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988), the ALJ stated he had considered many criteria in determining whether that number constituted a significant number of jobs. (PageID.50.) The ALJ said he had considered the number of jobs, the Plaintiff's activities of daily living, and his ability to travel to access the jobs. (PageID.50.) Based on the above, the ALJ determined that 1,200 was a significant number of jobs. (PageID.50.)

Accordingly, the ALJ concluded that Plaintiff was not disabled at any point from May 1, 2010 through March 14, 2014. (PageID.51.)

## DISCUSSION

Plaintiff's counsel failed to provide a Statement of Errors as directed by the Court in its August 14, 2015, Notice Regarding Consent and Directing Filing of Briefs. (PageID.747.)

("Plaintiff's initial brief must contain a Statement of Errors, setting forth the specific errors of fact or law upon which Plaintiff seeks reversal or remand.").[2] Because Plaintiff's counsel failed to enumerate the claims as directed, the Court must frame the specific errors of fact or law upon which Plaintiff seeks reversal or remand. After review, the Court gleans the following argument from a heading in Plaintiff's brief:

> 1. The two jobs cited by the VE upon review of the dictionary of occupational titles (DOT) present an unresolved conflict between the RFC and the DOT, that requires a remand pursuant to SSR 00-4p.

In this, Plaintiff contends that the VE provided information which was inconsistent with the DOT and that the ALJ failed to develop the record to resolve the inconsistency. Specifically, Plaintiff argues that the RFC limiting him to only occasional handling is on its face incongruent with the DOT's description of the conveyor tender position, and that the description requires more than occasional handling.[3] (PageID.761.)

The Sixth Circuit has rejected the argument that the Commissioner is bound by the DOT's characterization of occupations, holding that "the ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's definitions." *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003) (*citing Conn v. Sec'y of Health & Human Servs.*, 51 F.3d 607, 610 (6th Cir. 1995)). Under SSR 00-4p, the ALJ has a duty to "[i]dentify and obtain a reasonable explanation

---

[2] Plaintiff's counsel is advised that future briefs failing to provide a Statement of Errors as directed by the Court may be stricken.

[3] *See Fruit Distributor,* DICTIONARY OF OCCUPATIONAL TITLES 921.685-046 (4th ed. 1991) (reprinted at 1991 WL 688088). ("Tends conveyor to distribute citrus fruit to packers' work stations: Tends conveyor, patrols catwalks beside conveyors and monitors flow of fruit passing to each packing station. Reroutes flow of fruit to maintain adequate supply to each packer. Turns wing nut on rail of conveyor to loosen deflector bar. Pushes or pulls on rod to move longitudinal deflector bar regulating flow of fruit to approximate packing speed of each worker. Turns wing nut to clamp rod attached to deflector bar in place. Repeats task to adjust all deflector bars necessary to obtain desired flow of fruit to packers.").

for any conflicts between occupational evidence." *See* SSR 00-4p, 2000 WL 1898704, *1 (Dec. 4, 2000). The Sixth Circuit has construed this SSR to mean "that the Social Security Administration imposes an affirmative duty on ALJs to ask VEs if the evidence that they have provided 'conflicts with the information provided in the DOT.'" *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009). Here, the ALJ fulfilled that duty when he asked the VE if his testimony was consistent with the DOT. (PageID.87.) The VE responded that as to the conveyor tender position, it was. (PageID.87.) Moreover, the DOT description of the position demonstrates that there is no conflict. *See Fruit Distributor,* DICTIONARY OF OCCUPATIONAL TITLES 921.685-046 (4th ed. 1991) (reprinted at 1991 WL 688088) (noting that the position only requires occasional handling of 1/3 of the time.).

In light of the above, Plaintiff appears to argue in his reply brief that the ALJ and VE instead should have consulted the Occupational Information Network or O*NET. O*NET is an online database that was developed by the North Carolina Department of Commerce through a grant by the United States Department of Labor. *O*Net Resource Center,* O*NET ONLINE, http://www.onetcenter.org/overview.html (last visited May 9, 2016). Its website states that it is "the nation's primary source of occupational information." *Id.* However, while the DOT appears on the list of publications from which the agency can take "administrative notice of reliable job information," the O*NET does not. *See* 20 C.F.R. § 404.1566(d)(1)-(5). As above, the gist of Plaintiff's argument is that he does not possess the necessary skills and abilities to perform the job of conveyor-tender as identified by O*NET. (PageID.774–75.)

The ALJ was not required to accept the occupational information contained in the O*NET or any particular source. Under the regulations, an ALJ is authorized "to use a vocational expert or other specialist" and to "take administrative notice of reliable job information available

7

from governmental and other publications." 20 C.F.R. § 404.1566(d), (e). Here, while the ALJ found that the VE's testimony regarding the conveyor-tender position was consistent with information contained in the DOT, he was not required to adopt the classifications as set forth in that source. An ALJ is "within his rights to rely solely on the vocational expert's testimony," even if that testimony conflicts with the DOT, because "[t]he social security regulations do not require the [Commissioner] or the expert to rely on classifications in the Dictionary of Occupational Titles." *Conn*, 51 F.3d at 610. See SSR 00-4p, 2000 WL 1898704, at *2 (providing that "[o]ccupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT," but cautioning that "[n]either the DOT nor the VE . . . evidence automatically 'trumps' the other when there is a conflict"). Accordingly, the ALJ did not commit error in adopting the VE's opinion. Plaintiff's claim of error is thus rejected.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision will be **AFFIRMED.** A separate judgment shall issue.


Dated: May 18, 2016                                /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE